# WILMERHALE

September 19, 2025

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Denis R. Hurley

+1 212 295 6472 (t)
+1 212 230 8888 (f)
denis.hurley@wilmerhale.com

*Handwritten annotation:* October 16, 2025 conference is VACATED. Advise Court within 14 days of ruling by JPML. SO ORDERED /s/ [signature], USDJ 9-19-25

Re:   *Whalen v. Epiq Systems, Inc., et al.*, No. 25-cv-04499-PKC
      Request to Adjourn October 16, 2025 Initial Pretrial Conference

Dear Judge Castel:

On behalf of all Parties in the above action and pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Section 1.C of this Court's Individual Practices in Civil Cases, Plaintiff Mary Jane Whalen and Defendants Epiq Systems, Inc. ("Epiq"), Angeion Group LLC ("Angeion"), JND Legal Administration ("JND"), The Huntington National Bank ("Huntington"), and Western Alliance Bank ("Western Alliance") (together with Plaintiff, the "Parties") write jointly to respectfully request that the Court:

(1) adjourn the Initial Pretrial Conference currently set for October 16, 2025; and

(2) order the Parties to file a joint status report regarding how this case should proceed within 14 days of a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the pending motion to transfer and centralize this case and four other cases pending in three other federal district courts.

Briefing before the JPML on the motion to transfer and centralize is now closed, and the Parties anticipate that the JPML will hear argument at the next hearing session, scheduled for December 4, 2025, and issue a decision shortly thereafter. As for proceedings in this Court, the October 16, 2025 conference is the next scheduled conference, with a joint letter due by October 8, 2025. *See* Dkt. 58 at 1-2; Dkt. 15 ¶ 2.

Good cause exists for this relief. As reflected in the JPML briefing and further explained below, there is broad support for transfer and consolidation among the plaintiffs and defendants in the JPML proceedings—including for consolidation of all the claims in this case (and three other cases). But there is a divergence as to whether certain claims in another case, *Baker*, should also be consolidated, and in what court all the consolidated claims should proceed. Accordingly, while some form of consolidation appears likely, substantial procedural uncertainty remains until the JPML issues its decision such that moving forward with any proceedings before this Court at this time risks substantial inefficiency to the Court and the Parties.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

**WILMERHALE**

Hon. P. Kevin Castel
September 19, 2025
Page 2

      This case is one of five putative class actions—together, the "Related Actions"—currently pending in four federal courts brought against multiple settlement administrators and financial institutions. The other four cases are (1) *Baker v. Angeion Group LLC, et al.*, No. 25-2079 (E.D. Pa.) (Hodge, J.); (2) *Whalen, et al. v. Epiq Systems, Inc., et al.*, No. 25-4522 (N.D. Cal.) (Corley, J.); (3) *Tejon v. Epiq Systems, Inc., et al.*, No. 25-22453 (S.D. Fla.) (Williams, J.); and (4) *Rieger v. Epiq Systems, Inc., et al.*, No. 25-4793 (N.D. Cal.) (Corley, J.).

      On August 13, 2025, the plaintiffs in *Baker* filed a motion with the JPML seeking to transfer and centralize the Related Actions to the United States District Court for the Eastern District of Pennsylvania or, alternatively, to this Court. *See In re Class Action Settlement Admin. Lit.*, MDL No. 3162 (J.P.M.L., Aug. 13, 2025), Dkt. 1. Shortly thereafter, this Court stayed Defendants' deadline to respond to the Complaint, with a new date to be set at the Initial Pretrial Conference, and rescheduled the Initial Pretrial Conference from September 2, 2025, to October 16, 2025. Dkt. 58.

      As for the other Related Actions, by orders issued between August 20 and September 8, the courts also stayed the defendants' deadlines to respond to each of the complaints, and additionally vacated any applicable initial case management conferences pending the JPML's decision. *See Baker*, E.D. Pa. No. 25-2079 (staying all deadlines), Dkt. 55; *Whalen*, N.D. Cal. No. 25-4522, Dkt. 46 (staying all deadlines and vacating conference); *Rieger*, N.D. Cal. No. 25-4793, Dkt. 48 (staying all deadlines and vacating conference); *Tejon*, S.D. Fla. No. 25-22453, Dkt. 60 (staying case for 90 days and directing the parties to file a joint notice, on November 21, 2025, advising on the status of the JPML proceedings). Accordingly, at this time, only this Court has a scheduled conference with the Parties.

      On September 5, the defendants in all five cases and the plaintiffs in the *Whalen* (S.D.N.Y. and N.D. Cal.), *Rieger*, and *Tejon* cases filed responses to the *Baker* plaintiffs' JPML motion. *See* MDL No. 3162, Dkt. 21, 22, 23, 24. On September 12, the *Baker* plaintiffs filed their reply. *See* MDL No. 3162, Dkt. 25. Of the 16 parties across the five cases, all seven plaintiffs and six of the nine defendants support consolidation (in whole or in part), and the remaining three defendants take no position on consolidation. *See* MDL No. 3162, Dkt. 1, 21, 22, 23, 24, 25. Notably, the Parties here agree that all of the claims in this case (and three other cases—*Whalen* (N.D. Cal.), *Tejon*, and *Rieger*) should be consolidated. Accordingly, there is broad support for consolidation in general, and of this case in particular. But there are disagreements about whether the JPML should also consolidate certain claims from *Baker*, and disagreement about which court should preside over the consolidated proceedings—with proposals from the parties for the Eastern District of Pennsylvania, this Court, and the Northern District of California. *See* MDL No. 3162, Dkt. 1, 21, 22, 23, 24, 25. As noted above, although the JPML has not yet scheduled a hearing on the motion, the Parties anticipate that the JPML will hear argument at the next hearing session, scheduled for December 4, and issue a decision shortly thereafter.

**WILMERHALE**

Hon. P. Kevin Castel
September 19, 2025
Page 3

    Good cause exists for the Parties' requested relief in the interests of judicial efficiency and economy. The JPML's upcoming decision will determine whether the Related Actions will be consolidated in whole or in part, and in what court. If the JPML consolidates the cases and claims (in whole or in part), it may transfer them to this Court or another court. Moving forward with an Initial Pretrial Conference at this time therefore risks substantial inefficiency to the Court and the Parties.

* * *

    For these reasons, the Parties respectfully request that the Court adjourn the Initial Pretrial Conference currently set for October 16 and order the Parties to submit a joint status report within 14 days of the JPML's decision. The Parties will promptly update the Court via joint letter of any material developments in the JPML proceedings, including when the JPML sets the matter for hearing.

    This is the Parties' third request to adjourn or stay the Initial Pretrial Conference. *See* Dkt 39; Dkt. 57. The Court granted the first request on July 23 (Dkt. 41) and granted the second request in part on August 21 (Dkt. 58). The Parties have conferred and jointly agree on the requested relief and the reasons stated herein for that relief.

Respectfully submitted,

/s/ *Denis R. Hurley*
Denis R. Hurley
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6472 (t)
denis.hurley@wilmerhale.com

*Counsel for Epiq Systems, Inc.*